Taub, Hummel & Schnall, Inc. *v.* United States

No. 7322.—Invoice dated Nottingham, England, May 6, 1946.
Certified May 13, 1946.
Entered at New York, N. Y., June 5, 1946.
Entry No. 766179.

(Decided June 27, 1947)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

Lawrence, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values, less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

Frank Alvarez *v.* United States

No. 7323.—Pro forma invoice dated Mexico, D. F., September 18, 1943.
Entered at Laredo, Tex., September 23, 1943.
Entry No. 1863.

(Decided June 30, 1947)

*Philip Stein* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Cline, Judge: This is an appeal for reappraisement of leather articles imported from Mexico. At the trial, counsel for the plaintiff stated that the merchandise was shipped in March 1943 but was not entered until September 1943; that in the interim there was a continuous rise in prices; that the entry was made by the broker without regard to the increase in values but that the importer had no knowledge that entry was being made at the same values at which he had purchased the articles, because he believed that they had been entered shortly after shipment; and that under the circumstances the reappraisement case was abandoned without prejudice to a petition for remission of additional duties.

The appeal for reappraisement is therefore dismissed without prejudice to a petition for remission. Judgment will be rendered accordingly.